## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br><br>     *Plaintiff*,<br><br>  *v.*<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>     *Defendant*. | Case No. 21-cv-6774<br><br>**MOTION TO ENFORCE SUBPOENA AND COMPEL THE APPEARANCE AND TESTIMONY OF GEORGE PETRO AT DEPOSITION** |
| BAY TEK ENTERTAINMENT, INC.,<br><br>     *Counterclaim Plaintiff*,<br><br>  *v.*<br><br>FULL CIRCLE UNITED, LLC,<br><br>     *Counterclaim Defendant*,<br><br>  *and*<br><br>ERIC PAVONY,<br><br>     *Additional Counterclaim Defendant*. | |

Full Circle United, LLC ("Full Circle"), through its undersigned attorney, and pursuant to Federal Rules of Civil Procedure 30, 37 and 45, respectfully requests this Court enter an Order compelling non-party George Petro to appear for and answer questions at a deposition pursuant to a lawfully issued Subpoena in a case pending in the Eastern District of New York. As grounds for the request, Full Circle states as follows.

### BACKGROUND

1.    Full Circle and Bay Tek Entertainment, Inc. have sued each other in the United States District Court for the Eastern District of New York, case number: 1:20-cv-03395 (the "New York

1

Litigation").

2.      On October 15, 2021, Full Circle issued a Subpoena to Testify at Deposition to Non-Party, George Petro, in the New York litigation. Mr. Petro is an Illinois resident and the place noticed for compliance was in this District. The deposition was originally set in the Subpoena for November 8, 2021. The Subpoena with proof of service is attached hereto as **Exhibit A**.

3.      After serving the Subpoena on October 20, 2021, Full Circle communicated with counsel for Mr. Petro to obtain his availability for the deposition. On November 19, Mr. Petro's counsel offered December 10, 16, and 17 as preferred dates. *See* Email attached hereto as **Exhibit B**.

4.      Full Circle asked Mr. Petro to hold the dates while it worked to clear the dates with Bay Tek, the opposing party to the New York Litigation.

5.      Bay Tek responded that it was not available on December 10. Bay Tek did not respond to the other two offered December dates (16th and 17th), despite multiple follow up requests by Full Circle.

6.      On November 30, 11 days after Mr. Petro offered his proposed dates, Full Circle informed Bay Tek that, because of a January 31 discovery deadline in the New York Litigation, it could not continue to wait for Bay Tek's availability and would choose one of the remaining dates on December 1 at noon, if Bay Tek continued to fail to respond. Full Circle waited three more days, still with no response from Bay Tek.  On December 3, 2021, two weeks after the available dates were provided by Mr. Petro's counsel, Full Circle served its Notice of Taking Videotaped Deposition of George Petro, scheduling the deposition for December 17, 2021, one of the remaining dates offered by Mr. Petro's counsel.

7.      On December 6, three days after the notice was served and 17 days after the dates were offered by Mr. Petro, Bay Tek finally stated that it was not available on December 17. *See*

December 6, 2021 email from counsel for Bay Tek, attached hereto as **Exhibit C**. Full Circle followed up by asking if Bay Tek was available on December 16, the final date offered by Mr. Petro. Bay Tek never responded as to its availability for that date.

8.      Based on Bay Tek's claimed unavailability for December 17, Mr. Petro's counsel stated that Mr. Petro would not appear on December 17. Mr. Petro did not file a motion for protective order or a motion to quash.

9.      Just before midnight on December 16, Bay Tek sent a letter to the special master assigned to the New York Litigation asking for a protective order to stop Mr. Petro's deposition the next morning. Bay Tek waited nearly a month after Mr. Petro's November 19 email to seek the protective order, filing it on the <u>literal</u> eve of the deposition.

10.      Bay Tek asked to have a conference with the special master on December 17 at 10:00 a.m., the morning after it served its request to stop the deposition. This date and time was the exact date and time of the Petro deposition in Full Circle's notice, which Bay Tek said it was *not* available for. When asked about the inconsistency between its claimed unavailability for the Petro deposition and its apparent availability for a conference with the special master at the same date and time, Bay Tek's counsel stated that it assumed the deposition would take all day and that it had other depositions that afternoon. Bay Tek did not ask whether Full Circle intended to take all day with Mr. Petro.

11.      Mr. Petro did not appear for the deposition on December 17. *See* Certificate of Non-Appearance, attached hereto as **Exhibit D**.  According to Mr. Petro and Bay Tek, Mr. Petro's non-appearance is excusable because, in addition to Bay Tek's games relating to its unavailability, Mr. Petro is not required to comply with the subpoena unless and until Full Circle produces certain documents to Mr. Petro.

12.      For example, in the November 19 email, Mr. Petro's counsel stated that she would

instruct Mr. Petro not to answer questions relating to his communications with Full Circle because Full Circle would not produce documents to him. And Bay Tek stated in its December 6 email that, pursuant to Mr. Petro's November 19 email, Mr. Petro was excused from the subpoena unless and until Full Circle produces those documents.

13.     Full Circle responded by asking for any legal support Mr. Petro or Bay Tek has that requires a party to produce documents to a non-party before the non-party is required to comply with a subpoena. Neither supplied any authority for such a proposition.

14.     Mr. Petro's position is incorrect. A subpoenaed party is not excused from complying with a subpoena merely because it demands documents from the issuing party as a condition of compliance.

15.     Mr. Petro will likely argue for some new rule that excuses his compliance based on the nature of the documents he is demanding. Thus, while irrelevant, Full Circle will discuss the documents, lest Full Circle be accused of ignoring Mr. Petro's point.

16.     A noted documentary filmmaker is making a documentary about Full Circle. The filmmaker informed Mr. Petro that it was recording Full Circle's activities for the purpose of the documentary.

17.     The filmmaker and Mr. Petro executed a Non-Disclosure Agreement. Then, the filmmaker videotaped an interview with Mr. Petro in Illinois.

18.     Later, the filmmaker recorded speakerphone conversations between Mr. Petro and Full Circle, while Full Circle and the filmmaker were in a public place in New York. Full Circle recorded one conversation for the filmmaker while Full Circle was in a public place in Texas. Both Texas and New York have one-party consent rules to recordings of phone conversations. *See* N.Y. Penal Law § 250.00(1); TX PENAL § 16.02(c)(4).

19.     Mr. Petro contends he was in Illinois at the time of the speakerphone recordings and

that he had a reasonable expectation of privacy during those conversations (though it was obvious Full Circle was in a public place and the call was on speakerphone). Based on these contentions, Mr. Petro accuses Full Circle of criminally violating Illinois's two-party consent statute. Mr. Petro's counsel informed Full Circle's counsel, when discussing whether it would comply with the subpoena, that Mr. Petro would be reporting the supposed crime to Illinois authorities.

20.    The recordings of the speakerphone conversations are maintained in New York and Texas and used solely in New York.

21.    Illinois's two-party consent criminal statute does not reach the recordings in New York or Texas under conflict of laws and federal commerce clause principles. *See e.g.*, *Prouty v. Kafka*, 2021 IL App (1st) 192609-U.

22.    However, the Illinois statute also makes it unlawful to use the recordings in Illinois, if they are otherwise unlawful under the statute. So, Bay Tek, Mr. Petro, and their counsel devised a plan to trap Full Circle and its counsel into "using" the recordings in Illinois and thereby committing an act Bay Tek and Mr. Petro supposedly believe is a crime in Illinois. To set the trap, Mr. Petro demanded the recordings be sent to Mr. Petro in Illinois by Full Circle's counsel as a condition to "permitting" the deposition to take place and Bay Tek confirmed that it would permit the deposition only under such condition. The hope was apparently that they would generate an argument that Full Circle and its counsel used the recordings in Illinois and thus committed a crime.

22.    Mr. Petro has no right to demand, before appearing for his deposition, that Full Circle submit to his ploy to create an argument that Full Circle has committed a crime.

23.    Furthermore, Mr. Petro has no right to refuse to answer questions because Full Circle did not produce documents to him.

24.    Mr. Petro has been lawfully subpoenaed in a federal court case by an officer of the

Court and must comply. There is no exception to Rule 45 that permits a subpoenaed party to demand documents from the issuing party before it will comply, even if the subpoenaed party really wants the issuing party to send the documents because it will provide him leverage that may allow him to avoid the deposition, and even if the documents will help prepare the subpoenaed party to avoid contradicting his prior recorded statements.

25.     Because of Bay Tek's gamesmanship with its availability, Full Circle informed Mr. Petro's counsel that it would not seek any sanction for Mr. Petro's non-appearance on December 17. Accordingly, Full Circle is not asking the Court to hold Mr. Petro in contempt, nor is Full Circle asking for any penalties or sanctions be ordered as a result of the non-appearance.

26.     Rather, Full Circle requests an Order: (1) compelling Mr. Petro to appear for deposition by a certain date, notwithstanding any failure to provide documents he has demanded before appearing; and (2) finding that Mr. Petro does not have the right to refuse to answer questions at his deposition based solely on Full Circle's refusal to produce to Mr. Petro documents he has demanded.

## **MEMORANDUM OF LAW**

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Federal Rule of Civil Procedure 37(a)(2)(B) provides for a motion to compel testimony of a deponent who refuses to answer a question propounded under Rule 30. Rule 37 "establish[es] a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties*." Davis v. Signal Int'l Texas GP*, LLC, 1-11-CV-300, 2012 WL 13036255, at *5 (E.D. Tex. Oct. 22, 2012) citing B. *F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964). Courts should construe discovery rules liberally in favor of the party who is seeking discovery. *Marshall v. Electric Hose & Rubber Co.,* 68 F.R.D. 287, 295 (D. Del. 1975).

## ARGUMENT

Mr. Petro was served with Full Circle's valid and enforceable subpoena for deposition. To avoid undue burden to Mr. Petro, Full Circle coordinated dates with his counsel for the deposition following service of the subpoena. Mr. Petro did not appear. Mr. Petro stated that he will never comply with the subpoena unless he is first provided documents by Full Circle.

There is no rule of procedure that permits a subpoenaed party to demand documents from the issuing party before it will comply with a subpoena. Rule 45 provides:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
>
> (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.

Mr. Petro's demand for documents from Full Circle is not a request to avoid a burden on him or an expense to him. Indeed, Mr. Petro's demand has caused more expense on all parties, including Mr. Petro. While Mr. Petro may wish to review the recordings before his deposition to prepare for the deposition, he does not need the recordings to comply. Mr. Petro does not need the recordings to avoid telling untruths under oath. He simply needs to tell the truth. It is not an undue burden for a party to appear at deposition and tell the truth. A deposition itself cannot be an undue burden. If it were, no subpoena could ever be enforced without violating Rule 45.

For these reasons, Full Circle requests this Court enter an Order: (1) compelling Mr. Petro to appear for deposition by a certain date, notwithstanding the failure to provide documents he has demanded before appearing; and (2) finding that Mr. Petro does not have the right to refuse to answer questions at his deposition based solely on Full Circle's refusal to produce to Mr. Petro documents he has demanded.

Respectfully Submitted,


By_____/s/Bart B. Torvik_____
        Bart B. Torvik
OFT Law PLLC
701 Main Street, Suite 204
Evanston, Illinois 60202
888-828-7087
bart@oftlaw.com


*Attorney for Plaintiff Full Circle United, LLC*